# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHAMSUL AREFIN | : | DOCKET NO. 07-1506<br>Section P |
| VS. | : | JUDGE DOHERTY |
| CRAIG S. ROBINSON, FIELD<br>OFFICE DIRECTOR<br>IMMIGRATION & CUSTOMS<br>ENFORCEMENT | : | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Shamsul Arefin, pursuant to 28 U.S.C. § 2241.  By this petition, Petitioner challenges his post-removal-order detention. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

Petitioner is a native and citizen of Bangladesh.  He entered the United States in 1998 as a non-immigrant student. *See* Government Exhibit 5.  On August 22, 2005, petitioner was convicted in a Louisiana state court of the aggravated battery of his wife.  *See* Government Exhibit 1.

On the basis of his criminal conviction and because petitioner failed to comply with the conditions of his admission as a non-immigrant student, a Notice to Appear was issued against petitioner.  *See* Government Exhibit 5. On March 7, 2007, an immigration judge found petitioner to be removable as charged.  *See* Government Exhibit 6.  Petitioner did not appeal this decision, so it became final on that date.

On March 8, 2007, a travel document request was submitted to the Embassy of the Republic of Bangladesh on behalf of petitioner, and assistance from Headquarters Office of Detention and Removal was requested on April 24, 2007.  *See* Government Exhibits 12 and 13.

Decisions to Continue Detention were issued on July 3, 2007 and July 6, 2007 following post-order custody reviews.  *See* Government Exhibits 8 and 9.  The last decision was based upon the fact that a travel document request for petitioner was pending.  *See* Government Exhibit 9. Petitioner's case was reviewed by Headquarters Custody and Detention Unit, Office of Detention and Removal, which on October 15, 2007, determined that petitioner should remain in detention because ICE was working with the Consulate of Bangladesh to obtain a travel document for petitioner, and accordingly, it expected issuance of the document and petitioner's removal to be effected in the reasonably foreseeable future. *See* Government Exhibit 7.

On September 10, 2007, petitioner filed this petition for *habeas* relief, challenging his continued detention in post-removal-order detention.  Petitioner states in his petition that he is subject to a final removal order and,  despite his cooperation with immigration officials, he has been in post-removal-order custody pursuant to INA § 241 for "more than 180 days"since his removal order became final.  He challenges his detention as indefinite and claims that his removal is not likely to occur in the reasonably foreseeable future based on the fact that he has already been detained over 180 days since being ordered deported. He

additionally claims he is neither a flight risk or a danger to the community.  On October 9, 2007, the court ordered the respondents to respond to this petition.

The respondents have filed a response, to which petitioner has filed a Reply.  In the government's response, the respondents argue that petitioner has not demonstrated that his removal is not likely to occur in the reasonably foreseeable future.  The response points out that the instant petition, filed only 187 days after petitioner's removal order was issued, is based solely on petitioner's conclusory allegations and the passage of time beyond the presumptive six month period, which, without more, is insufficient to support petitioner's release.  Further, the government notes that a request for a travel document necessary for petitioner's removal is currently pending and that although the process could take several months, it is anticipated that Bangladesh will issue the document in due course.  Thus, the respondent argues that petitioner has failed to establish that his removal is not likely to occur in the reasonably foreseeable future.

## LAW AND ANALYSIS

In *Zadvydas v. Davis*, 121 S.Ct. 2491 (2001), the United States Supreme Court held that in order for post-removal detention under 8 U.S.C. §1231(a)(6) to be constitutional, it must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 121 S.Ct. at 2498.  The Supreme Court went on to recognize six months as a presumptively reasonable period of detention for INS detainees following a final order of removal.  *Zadvydas*, 121 S.Ct. at 2504-2405.

> After this 6-month period, once the alien provides good reason to believe that
> there is no significant likelihood of removal in the reasonably foreseeable
> future, the Government must respond with evidence sufficient to rebut this
> showing.  And for the detention to remain reasonable, as the period of prior
> post-removal confinement grows, what counts as the 'reasonably foreseeable
> future' conversely would have to shrink.  This 6-month presumption, of
> course, does not mean that every alien not removed must be released after six
> months.  To the contrary, an alien may be held in confinement until it has been
> determined that there is no significant likelihood of removal in the reasonably
> foreseeable future.

*Zadvydas,* 121 S.Ct. at 2505.

In the matter before this court, Petitioner has been in post-removal-order detention since March 7, 2007, a period greater than six months.  However, this does not mean that Petitioner is automatically entitled to release.   In order for Petitioner to secure his release from custody, the evidence must demonstrate that he has been detained beyond a period reasonably necessary to bring about his removal from the United States and that there is no significant likelihood of removal in the reasonably foreseeable future.  *See Ayo v. Warden*, 2007 WL 3231673, *2, 2:07-cv-0914 (W.D.La. 2007); *Attrisi v. Warden*, 2007 WL 3231671, *2 , 2:07-cv-0734 (W.D.La. 2007); *Moise v. Gonzalez*, 2006 WL 2946505, *2, 2:06-cv-1004 (W.D.La. 2006).  This showing has not been made in this case.

It is undisputed that petitioner is a citizen of Bangladesh, and the petitioner has not produced any evidence to establish that the Consulate of Bangladesh has declined to issue a travel document for him.  To support his assertion that his detention is "unlawful" and "indefinite" petitioner points only to the fact that he has been detained beyond the six-month period recognized as presumptively reasonable by the Supreme Court in *Zadvydas.*

However, in *Andrade v. Gonzales,* 459 F.3d 538 (5th Cir. 2006), the Fifth Circuit reiterated that the Supreme Court's holding in *Zadvydas* "creates no specific limits on detention"; that "'an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.'"; and that "[t]he alien bears the initial burden of proof in showing that no such likelihood of removal exists." *Andrade*, 459 F.3d at 543 *quoting Zadvydas*, 121 S.Ct. at 2505.  The Fifth Circuit also held that conclusory statements such as those offered by petitioner are not sufficient to satisfy the alien's initial burden of demonstrating that there is no significant likelihood of removal in the reasonably foreseeable future.  *Andrade v. Gonzales,* 459 F.3d at 543-44; *See also Ayo, Attrisi* and *Moise, supra.*.

Accordingly, this court finds that even though the petitioner has been in post-removal-order detention for more than six months, he has failed to demonstrate at this time that his removal is not likely to occur in the reasonably foreseeable future or that he has been detained beyond what is reasonably necessary to bring about his removal from the United States.

For this reason,

**IT IS RECOMMENDED** that this petition be **DENIED AND DISMISSED without prejudice**.

Petitioner may file another request for *habeas* relief in the future.  The Court suggests that any such request for relief filed by petitioner not occur before the passage of 120 days

from date of this order.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.  Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, November 14, 2007.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

6